RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/10/08
BY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

ROGER L. POOLE

versus

CIVIL NO. 07-2180
JUDGE TOM STAGG

CITY OF SHREVEPORT, ET AL.

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by the defendants, City of Shreveport, Mike VanSant ("VanSant"), Sergeant John D. Stalnaker ("Stalnaker"), and Corporal J. Creighton ("Creighton"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Record Document 10. Based on the following, the defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

### A. Introduction.

Roger L. Poole ("Poole") filed suit on December 19, 2007 against the City of Shreveport, the Shreveport Police Department, former interim chief of police VanSant, Stalnaker, and Creighton following a traffic stop in which the latter two defendants allegedly applied excessive force to Poole in violation of his constitutional rights. The defendants filed a Rule 12(b)(6) motion to dismiss,

1

arguing that Stalnaker and Creighton are protected by qualified immunity and that VanSant and the City of Shreveport must be dismissed for Poole's failure to allege sufficient facts to carry his burden. Poole then filed a "First Supplemental And Amending Complaint" in which he provided a more detailed list of customs, policies, and practices of VanSant and the City of Shreveport. Poole also filed a memorandum in opposition to the defendants' motion to dismiss, and the defendants filed a reply memorandum. The parties now agree that Poole properly alleged a Fourth Amendment violation against Stalnaker and Creighton individually, but that Poole did not assert any valid claims under the Fifth Amendment.

**B.  Relevant Allegations.**

On the morning of December 19, 2006, Stalnaker stopped a truck driven by Poole on Interstate-20 near Greenwood Road in Shreveport, Louisiana. See Record Document 1 at 3. According to the complaint, and taking all of the allegations therein as true, Poole's truck was stopped on Creighton's request after Poole and Creighton were involved in a "road rage" incident in which Poole had thrown water onto Creighton's personal vehicle. See id. Once stopped, Creighton appeared on the scene and began to verbally threaten and challenge Poole. See id. at 4. These threats continued until Poole offered to let Creighton hit him, at which time the officers decided that they should handcuff Poole. See id. In doing so, the officers pinned Poole against the truck, grabbed Poole's left arm, and "pulled it in a manner that caused Poole to experience excruciating pain." Id. Even though Poole warned

the officers that his arm was about to break, one of the officers continued to apply force to Poole's arm while the other officer tasered Poole multiple times. See id. at 5. Poole was shoved onto the fifth wheel of his truck, again tasered, and yanked off the truck. See id. Stalnaker and Creighton never warned Poole of any of the aforementioned conduct. See id. As a result of this incident, Poole suffered a severe and disabling dislocation of his left elbow and "had to undergo approximately [*sic*] six painful and invasive surgical procedures." Id. at 7.

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard Of Review.

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004). Courts must liberally construe the complaint in the plaintiff's favor, taking all well-pleaded facts as true. See id. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at ___, 127 S. Ct. at 1965. In civil rights cases alleging municipal liability under Title 42, Unites States Code, section 1983, courts may not apply a "heightened pleading standard." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163

(1993).

Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. See Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id.

**B.    Law And Analysis.**

    **1.    Traffic Stops And Excessive Force.[1]**

When a section 1983 claim is asserted against a city, a court must determine: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." Rios, 444 F.3d at 426. Municipalities cannot be held liable under section 1983 on a respondeat superior theory, so a plaintiff must allege that the action is pursuant to the city's official policy, custom or practice. See Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). In doing so, the plaintiff must allege facts to prove (1) a policy or custom existed, (2) the policy makers had actual or constructive knowledge of its existence, (3) a constitutional violation occurred, and (4) the custom or policy served as the moving force behind the violation. See

---

[1] Poole alleges improper policies and procedures regarding the handling of traffic stops and with regard to use of force in two different paragraphs of his complaint. See Record Document 1 at 8 and 9. However, it is clear from Poole's amended complaint that he is actually alleging improper policies and procedures regarding "the excessive use of force...during a traffic stop." See Record Document 3 at 3-6.

4

Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 532-33 (5th Cir. 1996); Frazier v. City of Shreveport, No. 02-0698, 2006 WL 3716092, at *4 (W.D.La. Dec. 13, 2006). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur...." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). Isolated unconstitutional acts of city employees will almost never trigger municipal liability. See id.

In a section 1983 claim against a municipality based on a Fourth Amendment violation, a plaintiff must first allege that he suffered an injury that resulted from force that was excessive and objectively unreasonable. See Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008). As Poole alleged that he suffered a dislocated elbow as a result of continued, excessive and unprovoked application of force by the officers, he met this initial burden.[2] See Record Document 1 at 4-7. Second, Poole alleges in his complaint that the City of Shreveport's customs, policies, and practices for handling traffic stops with regard to use of force were inadequate, unreasonable, and improper. See id. at 8 and 9. Although Poole did not provide the detailed allegations outlined in Meadowbriar supra, he arguably met the liberal pleading standard of Federal Rule of Civil Procedure 8(a). See Mack v. City of Abilene, 461 F.3d 547, 556 (5th Cir. 2006). Accordingly, Poole's claims against the City of

---

[2]The defendants also concede that Poole has appropriately stated claims against Stalnaker and Creighton for Fourth Amendment excessive force violations. See Record Document 16 at 1.

5

Shreveport for violations of his Fourth Amendment right to be free from excessive force survive the defendants' motion to dismiss.

## 2. Improper Hiring, Training, Supervising And Disciplining.

When a section 1983 claim is asserted against a supervisor, a plaintiff must show that: (1) the supervisor either failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference. See Gates v. Tex. Dept. of Protective and Regulatory Servs., 537 F.3d 404, 435 (5th Cir. 2008). The plaintiff must prove that the supervisor failed to control an officer's "known propensity for the improper use of force." Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005). In addition, the plaintiff must demonstrate at least a pattern of violations similar to what transpired in the instant case such that the inadequacy of the training is likely to result in a constitutional violation. See Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 382 (5th Cir. 2005).

Here, Poole alleges that the customs, policies, and practices of VanSant and the City of Shreveport included "[i]nadequate, unreasonable, and improper hiring, training, supervising, and disciplining of police officers relative to the use of force." Record Document 1 at 9. Poole then amended his complaint in an effort to demonstrate a pattern of similar violations in compliance with Estate of Davis supra. He listed seven instances in which Shreveport Police officers allegedly used

excessive force during traffic stops.³ See Record Document 15 at 3-6. Accordingly, Poole's claims against VanSant and the City of Shreveport stemming from the excessive use of force by Stalnaker and Creighton survive the defendants' motion to dismiss.

Poole also alleges that the customs, policies, and practices of VanSant and the City of Shreveport included "[i]nadequate, unreasonable, and improper hiring, training, supervising, and disciplining of off-duty police officers who are involved in the investigation, questioning, and detention of suspects in cases in which the off-duty officers have been victimized." Record Document 1 at 9. The defendants argue that "Plaintiff cites no authority for the proposition that it in any way violates the Constitution for off-duty officers to be involved in the investigation, questioning and detention of suspects in which the off-duty officers have been victimized." Record Document 16 at 3. While it is likely that Poole has not borne his burden of proof for this allegation, the court is mindful of the liberal pleading standard of Federal Rule of Civil Procedure 8(a). Accordingly, Poole's claims against VanSant and the City of Shreveport stemming from Creighton's involvement in the traffic stops survive the defendants' motion to dismiss.⁴

---

³As there is no indication that any of these seven instances occurred during VanSant's employment as interim chief of police, the court questions whether VanSant is a proper party to this litigation.

⁴The court is mindful of the fact that allegations of failure to train do not state a claim unless there is an underlying constitutional violation that was caused by the failure to train. See Rios, 444 F.3d at 426.

### 3. Fourteenth Amendment Claim.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of the law." U.S. Const. Amend. XIV, § 1. This clause, which grants substantive due process, is violated when the conduct "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Breen v. Texas A&M Univ., 485 F.3d 325, 333 (5th Cir. 2007). While negligent acts are insufficient to violate the Fourteenth Amendment, conduct intended to cause injury violates due process. See id. at 333.

Here, Poole argues that he has stated a claim under the "state-created danger" theory of section 1983 liability. See Record Document 12 at 12. To proceed under this theory, a plaintiff must show (1) that the defendants created or increased the danger to the plaintiff and (2) that the defendants acted with deliberate indifference. See Breen, 485 F.3d at 334-35. Poole argues that the officers created the dangers that caused him harm and that they intentionally continued to use excessive force even after Poole warned them that they were going to break his arm. See Record Document 12 at 12.

On the other hand, the defendants argue that because Poole alleged both Fourth and Fourteenth Amendment claims arising out of the same conduct, Poole cannot proceed under the Fourteenth Amendment. See Record Document 16 at 5 and 6 (citing Albright v. Oliver, 510 U.S. 266, 224 S.Ct. 807 (1994)). In Albright,

8

the Supreme Court stated: "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" Albright, 510 U.S. at 273, 224 S.Ct. at 813 (citation omitted). While the Fourth Amendment will likely be the gravamen of Poole's case, this court does not read Albright to preclude Poole from attempting to establish liability under the Fourteenth Amendment as well. Accordingly, Poole's Fourteenth Amendment claim survives the defendants' motion to dismiss.

### III. CONCLUSION

As the parties agree that Poole did not state a claim under the Fifth Amendment, the defendants' Rule 12(b)(6) motion is **GRANTED** in this regard. In all other respects, the defendants' Rule 12(b)(6) motion to dismiss is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of October, 2008.

JUDGE TOM STAGG